**Robert C. BOLUS, Petitioner,**

**v.**

**D. Michael FISHER, Attorney General of the Commonwealth of Pennsylvania and Andrew Jarbola, District Attorney of the County of Lackawanna, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 2001.

Decided Oct. 23, 2001.

Craig A. Sopin, Philadelphia, for petitioner.

Seth A. Mendelsohn, Harrisburg, for respondent, D. Michael Fisher.

Joseph A. O'Brien, Clark Summit, for A. Jarbola.

Before PELLEGRINI, Judge, FLAHERTY, Senior Judge, RODGERS, Senior Judge.

PELLEGRINI, Judge.

Before this Court is a motion for judgment on the pleadings filed by Robert C. Bolus (Bolus) and a cross-motion for judgment on the pleadings filed by D. Michael Fisher, Attorney General of the Commonwealth of Pennsylvania and Andrew Jarbola, District Attorney of the County of Lackawanna.

Bolus is the Republican nominee for Mayor of the City of Scranton, Pennsylvania in the November 2001 general election. Article II, Section 7 of the Pennsylvania Constitution provides:

No person hereafter convicted of embezzlement of public moneys, bribery, perjury or *other infamous crime*, shall be eligible to the General Assembly, or capable of holding any office of trust or

profit in this Commonwealth. (Emphasis added.)

In 1991, Bolus was convicted of two counts of receiving stolen property (both felonies),[1] tampering with evidence (a misdemeanor),[2] and criminal solicitation (a felony).[3] Specifically, he purchased, used and disposed of a stolen Caterpillar Truck Loader for his truck parts and repair business, attempted to conceal the Loader by removing its identification number, and solicited another individual to conceal the stolen Loader from the Pennsylvania State Police. He also was convicted of receiving, using and disposing of a stolen automobile.

Due to the uncertainty of whether Article II, Section 7 precluded him from holding public office, including the office of Mayor of Scranton, Bolus filed a petition for review seeking a declaratory judgment from this Court that the felony crimes he was convicted of in 1991 do not fall within the definition of "infamous crime." The Attorney General and the District Attorney filed preliminary objections arguing that the matter was not ripe for review because Bolus had not yet been elected. By order dated August 30, 2001, we dismissed the preliminary objections determining that the matter was ripe for review because Bolus' rights were uncertain as to whether he was constitutionally disqualified from serving in public office, and because there was potential harm that he might not be elected due to the uncertainty of the voters as to whether he could serve if elected, and ordered the parties to file motions and cross-motions for judgment on the pleadings which are now before this Court.[4]

---

1. 18 Pa.C.S. § 3925(a) provides:

   A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received retained, or disposed with intent to restore it to the owner.

   Theft constitutes a felony of the third degree if the property stolen is an automobile or has a value greater than $2,000. 18 Pa.C.S. § 3903(a.1). While we do not know the precise value of the Caterpillar Truck Loader, we know for certain that Bolus was convicted for receiving the stolen Loader and for receiving a stolen automobile.

2. 18 Pa.C.S. § 4910 provides:

   A person commits a misdemeanor of the second degree if, believing that an official proceeding or investigation is pending or about to be instituted, he:

   (1) alters, destroys, conceals or removes any record, document or thing with intent to impair its verity or availability in such proceeding or investigation.

3. 18 Pa.C.S. § 902 provides:

   A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission.

   18 Pa.C.S. § 905 provides that except as otherwise provided in this title, attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy. The Attorney General has indicated in his brief that the conviction for criminal solicitation is a felony while the District Attorney states in his brief that Bolus' solicitation was graded a misdemeanor. Bolus does not address the issue. Taking judicial notice of Bolus' convictions as set forth in *Commonwealth v. Bolus*, 545 Pa. 103, 680 A.2d 839 (1996), *see* Pa. R.E. 201(b), because the crime of solicitation is of the same grade as the most serious offense which is solicited, in this case receiving stolen property, which is a felony we will consider his conviction for solicitation a felony.

4. When ruling on a motion for judgment on the pleadings in our original jurisdiction, we must view all of the opposing party's allegations as true, and only those facts that the opposing party has specifically admitted may be considered against the opposing party. *Parish v. Horn*, 768 A.2d 1214 (Pa.Cmwlth.

The issue before us is straight forward—whether the convictions for receiving stolen property are crimes of infamy. While acknowledging that he committed the felonies, Bolus argues that in *In Re Petition of Hughes*, 516 Pa. 90, 532 A.2d 298 (1987), our Supreme Court held that every felony is not necessarily a crime of infamy, and before that determination can be made, the totality of the circumstances in each case has to be examined. However, *Hughes* does not stand for that proposition.

In *Hughes*, Janotti, while holding public office, was convicted in 1980 in federal court of conspiring to obstruct interstate commerce by accepting bribes. Several years later, he was running for city councilman and a petition was filed objecting to his nomination on the grounds that he had been convicted of an infamous crime and was barred from holding public office. The issue was whether his federal conviction for conspiracy barred him from holding a state office because he was not convicted of bribery. Our Supreme Court determined that Janotti's actions underlying his federal conviction constituted bribery, and although not convicted of bribery, he was "convicted of a crime the essence of which was bribery and bribery is encompassed in the phrase 'other infamous crime.'" *Id.* at 96, 532 A.2d at 301.

█ The Court also referred to the Delaware Supreme Court decision in *State ex rel. Wier v. Peterson*, 369 A.2d 1076 (Del. 1976), that stated that the purpose of removing an individual from public office who was convicted of an infamous crime was not to punish that person but to assure the requisite character of those elected to govern. "We fully agree with the

assessment of the Supreme Court of Delaware that 'those who seek to govern us' should be subject to a demanding constitutional norm. Elected public officials are entrusted with the public welfare and are duty-bound to treat that trust with the highest standards of care, honesty, and informed independence of judgment." *Hughes*, 516 Pa. at 99, 532 A.2d at 302. Bolus argues that because our Supreme Court referred to *Wier* in *Hughes*, and the Delaware Supreme Court in *Wier* held that under Delaware law, all felonies were not necessarily crimes of infamy, that is the law in Pennsylvania. However, when our Supreme Court cites a portion of a case with approval, that portion is all that it approves.

Even if *Hughes* placed the issue in doubt, all doubt was removed when that issue was squarely addressed by our Supreme Court in *Commonwealth ex rel. Baldwin v. Richard*, 561 Pa. 489, 751 A.2d 647 (2000), where it definitively held that all felonies are infamous crimes. In that case, Richard had pled guilty in 1979 to unlawful restraint, terroristic threats, firearms not to be carried without a license, possession of an instrument of crime and recklessly endangering another person, all misdemeanors. Eight years later, Richard was elected to a borough councilman position and re-elected in 1993. The Attorney General commenced an action against him seeking his removal based on his ineligibility, alleging that his misdemeanor convictions constituted infamous crimes. The trial court found that because Richard's misdemeanor convictions disqualified him from serving as a juror, they constituted infamous crimes. We affirmed and ordered him removed from office.

---

2001). We may consider only the pleadings themselves and any documents properly attached thereto. *Id.* We may grant a motion for judgment on the pleadings only when there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. *Id.*

On appeal, our Supreme Court reversed our decision finding that it was improper to find that a misdemeanor was infamous merely because it disqualified an individual from serving as a juror. However, it went on to cite the seminal case of *Commonwealth v. Shaver*, 3 Watts & Serg. 338 (1842), stating:

> Accordingly, we find that it is the *Shaver* classification referring to infamous crimes as felonies and *crimen falsi* offenses and not the juror disqualification language, which has been followed for over one hundred fifty years in this Commonwealth. As we see no reason to depart from such an established principle, we reaffirm that a crime is infamous for purposes of Article II, Section 7, if its underlying facts establish a felony, a *crimen falsi* offense, or a like offense involving the charge of falsehood that affects the public administration of justice.

*Baldwin*, 561 Pa. at 499, 751 A.2d at 652–653.[5] Because *Baldwin* holds that all felonies are infamous crimes and Bolus was convicted of several felonies, Article II, Section 7 makes him incapable of holding any office in this Commonwealth.

The Attorney General further argues that Bolus is incapable of holding any office in Pennsylvania because he was also convicted of *crimen falsi* crimes when he was convicted of receiving stolen property and tampering with physical evidence. *Crimen falsi* is defined as referring to crimes in the nature of perjury or suborna-tion of perjury, false statement, criminal fraud, embezzlement, false pretense or any other offense which involves some element of deceitfulness, untruthfulness or falsification bearing on a witness' propensity to testify truthfully. Black's Law Dictionary 335 (5th ed.1979). Because receiving stolen property is a *crimen falsi* offense, *see Commonwealth v. Ellis*, 379 Pa.Super. 337, 549 A.2d 1323 (1988), *petition for allowance of appeal denied*, 522 Pa. 601, 562 A.2d 824 (1989), and tampering with physical evidence is an attempt to obstruct justice and inherently involves dishonesty, we agree with the Attorney General that Bolus was also convicted of *crimen falsi* crimes and, again, based on *Baldwin*, Bolus is incapable of holding office in Pennsylvania.

Accordingly, we declare that because Bolus, if elected, is precluded from holding the office of Mayor of Scranton because he was convicted of felonies as well as crimes that were *crimen falsi*, Bolus' motion for judgment on the pleadings is denied and the cross-motions for judgment on the pleadings filed by the Attorney General and District Attorney are granted.

### *ORDER*

AND NOW, this *23rd* day of *October*, 2001, we declare that because Robert C. Bolus, if elected, is precluded from holding the office of Mayor of Scranton because he was convicted of felonies as well as crimes that are *crimen falsi*, his motion for judgment on the pleadings is denied and the

---

**5.** Bolus also argues that *Baldwin* stands for the proposition that not every felony is infamous, relying on the following statement by Justice Castille in his concurring opinion: "However, the legislature can, and frequently does, alter the complement of crimes that constitute felonies. The legislature may change felonies to misdemeanors and vice-versa....I think it far better to focus on the nature of the conduct than the legislatively-determined grading of the crime." *Baldwin*, 561 Pa. at 502, 751 A.2d at 654 n. 3. However, despite this footnote, the majority in *Baldwin* has determined that a felony is an infamous crime.

cross-motions for judgment on the pleadings filed by D. Michael Fisher, Attorney General of the Commonwealth of Pennsylvania, and Andrew Jarbola, District Attorney of the County of Lackawanna, are granted.