In Re:  Nomination Petition of Bob :
Bolus, a Candidate for Mayor of the :
City of Scranton, Pennsylvania :
 : No. 340 C.D. 2021
Appeal of:  Bob Bolus, Sr. : Submitted:  April 9, 2021


BEFORE:  HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION
BY JUDGE FIZZANO CANNON  FILED:  April 14, 2021


Robert C. "Bob" Bolus, Sr. (Candidate) appeals from the March 22, 2021 order of the Court of Common Pleas of Lackawanna County (trial court) granting the Petition and Rule to Show Cause Why the Nomination Petition of Bob Bolus Should Not Be Set Aside (Petition) filed by Charlie Spano (Objector) on March 16, 2021, striking the candidate affidavits attached to Candidate's nomination petition for the Office of Mayor of the City of Scranton, granting the Petition, and striking Candidate's name from any election ballot for the Office of Mayor of the City of Scranton in the special election primary to be held on May 18, 2021.  For the following reasons, this Court affirms.

## I. Background

The facts underlying this matter and Candidate's prior attempts to run for elected office are not in dispute.  In 1991, Candidate was convicted of two counts

of receiving stolen property[1] and one count of criminal solicitation,[2] both felonies,[3] and one count of tampering with evidence,[4] a misdemeanor (collectively, the 1991 convictions). *See* Trial Court Memorandum and Order dated 22, 2021 (Tr. Ct. Op.) at 2. Thereafter, in May of 2001, Candidate won the Republican nomination for Mayor of the City of Scranton. *See* Tr. Ct. Op. at 2. In advance of the November 2001 general election, Candidate brought a declaratory judgment action in this Court's original jurisdiction seeking a determination of whether the 1991 convictions precluded him from holding office, if elected. *See* Tr. Ct. Op. at 3; *see also Bolus v. Fisher*, 785 A.2d 174 (Pa. Cmwlth. 2001), *aff'd*, 798 A.2d 1277 (Pa. 2002) (*2001 Bolus*). Because the 1991 convictions involved felonies and *crimen falsi* crimes,[5] this Court determined that Candidate is "incapable of holding any

---

[1] 18 Pa.C.S. § 3925(a).

[2] 18 Pa.C.S. § 902.

[3] The crime of receiving stolen constitutes a felony of the third degree where the value of the property stolen exceeds $2,000, or if the property stolen is an automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle. *See* 18 Pa.C.S. § 3903(a.1). This Court previously noted that, while the exact value of the stolen property received in reference to Candidate's receiving stolen property convictions was unknown, the property received included a Caterpillar Truck Loader and a stolen automobile. *See Bolus v. Fisher*, 785 A.2d 174, 176 n.1 (Pa. Cmwlth. 2001), *aff'd*, 798 A.2d 1277 (Pa. 2002) (*2001 Bolus*). Additionally, criminal solicitation, like criminal attempt or criminal conspiracy, is a crime of the same grade and degree as the most serious offense solicited. *See* 18 Pa.C.S. § 905. This Court previously took judicial notice of the fact that Candidate's criminal solicitation conviction was a felony predicated upon the underlying felony of receiving stolen property. *See 2001 Bolus*, 785 A.2d at 176 n.3.

[4] 18 Pa.C.S. § 4190.

[5] The Court explained that receiving stolen property is a *crimen falsi* crime, noting:

> *Crimen falsi* is defined as referring to crimes in the nature of perjury or subornation of perjury, false statement, criminal fraud, embezzlement, false pretense or any other offense which involves

2

office in this Commonwealth" by virtue of the 1991 convictions, and our Supreme Court affirmed. *See* Tr. Ct. Op. at 2-3; *see also 2001 Bolus*, 785 A.2d at 178, *aff'd* 798 A.2d 1277. However, because the matter was a declaratory judgment and not a petition to set aside Candidate's nomination petition, this Court did not remove Candidate's name from the ballot following its determination. *See* Trial Court Order at 4; *2001 Bolus*; 785 A.2d at 178-79. Candidate was not elected to the office of Mayor of the City of Scranton in the general election that followed. *See* Tr. Ct. Op. at 4.

Candidate again attempted to run for elected office in 2007, this time for Scranton City Counsel (2007 Election Case). *See* Tr. Ct. Op. at 4-5. The Office of the District Attorney of Lackawanna County (District Attorney) filed a Complaint and Petition for Temporary Injunctive Relief[6] seeking to have Candidate's name removed from the primary ballot in that election. *See id.* at 4. In opposition to the District Attorney's request to strike his name from the ballot, Candidate conceded that he was barred from *holding* elective office, but argued that his ineligibility did not prevent him from *running for* elective office. *See id.* at 4-5. The trial judge did not agree. *See id.* at 5. Instead, after noting that Candidate's candidate affidavit attested that he was "eligible for the office of Scranton City Councilman," the trial

> some element of deceitfulness, untruthfulness or falsification bearing on a witness' propensity to testify truthfully.

*2001 Bolus*, 785 A.2d at 178 (citing *Crimen falsi*, *Black's Law Dictionary* 335 (5th ed.1979)). The Court further explained that tampering with physical evidence is likewise a *crimen falsi* crime by virtue of being "an attempt to obstruct justice [that] inherently involves dishonesty[.]" *2001 Bolus*, 785 A.2d at 178.

[6] After Candidate filed his nomination papers in March 2007, the District Attorney filed its petition challenging Candidate's candidacy on April 13, 2007. *See* Trial Court Opinion at 4. There is no indication in the trial court record for this 2007 case that Candidate challenged the timeliness of the District Attorney's petition. *See id.*

judge in the 2007 Election Case granted the District Attorney's request and barred Candidate from running in the 2007 election. *See id.* Candidate appealed to this Court, but later discontinued that appeal. *See id.*

In March of 2009, Candidate again filed a nomination petition seeking to appear on the May primary ballot as a Republican candidate for the Office of Mayor of the City of Scranton. *See* Tr. Ct. Op. at 5. This time, Candidate drew a line through the word "eligible" on the candidate's affidavit that accompanied his nomination petition and wrote in a question mark above the struck term. *See id.* Eight days after Candidate filed his nomination petition, the District Attorney again filed a Complaint and Petition for Temporary Injunctive Relief seeking the removal of Candidate's name from the ballot for the same reasons forwarded in the Complaint and Petition for Temporary Injunctive Relief filed in the 2007 Election Case. *See id.* A different judge of the Court of Common Pleas of Lackawanna County granted the District Attorney's requested relief, noting that Candidate was constitutionally ineligible to be a candidate for the Office of Mayor and that Candidate's candidate affidavits were invalid. *See id.* However, following a hearing on the District Attorney's request for a permanent injunction, the trial court reversed the order and dismissed the Complaint and Petition for Temporary Injunctive Relief based on new Supreme Court precedent[7],which held that the 7-day deadline for filing objections after the filing of nomination petitions contained in the Pennsylvania Election Code (Election Code)[8] was mandatory and non-waivable. *See id.* at 6. The District Attorney appealed, and this Court affirmed, allowing Candidate's name to remain on the ballot for the Office of Mayor of the City of Scranton. *See* Tr. Ct. Op. at 6;

---

[7] *In re Nomination Papers of James*, 944 A.2d 69 (Pa. 2008).

[8] Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2601-4042.

*see also In re Bob Bolus a/k/a Robert C. Bolus, Sr. v. Board of Elections, Lackawanna County* (Pa. Cmwlth., No. 543 C.D. 2009, filed April 16, 2009) (*2009 Bolus*).

In 2012, Candidate was convicted of insurance fraud[9] and criminal attempt to theft by deception, both felonies and *crimen falsi* convictions (the 2012 convictions). *See* Tr. Ct. Op. at 6. Candidate appealed the 2012 convictions but was unsuccessful. *See id.* at 6-7.

Thereafter, Candidate filed another nomination petition to run for the Office of Mayor of the City of Scranton in a special election conducted in November of 2019. *See* Tr. Ct. Op. at 7. Two electors[10] filed a petition objecting to Candidate's candidacy and seeking to strike his name from the ballot based on this Court's determination in *2001 Bolus*. *See id.* Candidate again argued that, while he was ineligible to *hold* an elective office, he was eligible to *run* for office. *See id.* The Lackawanna County Court of Common Pleas ruled that Candidate's candidate affidavits were "untrue and fatally defective" because he was ineligible to hold the Office of Mayor. *Id.* at 8. Therefore, the Lackawanna County Court of Common Pleas directed that Candidate again be removed from the ballot. *See id.* at 8. Candidate appealed to this Court but failed to file a timely statement of issues presented on appeal, thereby waiving all his claims. *See id.*; *see also In Re: Nomination Papers of Bob Bolus A Candidate for Mayor of The City of Scranton,*

---

[9] 18 Pa.C.S. § 4117(a)(2).

[10] James T. Mulligan, Jr. and John Tarantino. *See* Trial Court Opinion at 7; *see also In Re: Nomination Papers of Bob Bolus A Candidate for Mayor of The City of Scranton, Pa.* (Pa. Cmwlth., No. 1423 C.D. 2019, filed Oct. 18, 2019) (*2019 Bolus*).

*Pennsylvania* (Pa. Cmwlth., No. 1423 C.D. 2019, filed Oct. 18, 2019) (*2019 Bolus*). Accordingly, this Court affirmed the trial court.

On March 9, 2021, Candidate filed a nomination petition in the instant matter, seeking to be listed as a Republican candidate in the May 18, 2021 primary for the Office Mayor of the City of Scranton. *See* Tr. Ct. Op. at 8. Candidate's nomination petition included signed candidate affidavits that attested that Candidate is eligible for the office sought. *See id.* at 8. Objector timely filed the instant Petition, alleging that Candidate's candidate affidavits are defective because Candidate is ineligible to hold the office of Mayor of Scranton, and seeking to have Candidate removed from the ballot. *See id.* at 8-9. Following a hearing conducted on March 19, 2021, the trial court struck Candidate's candidate affidavits, granted the Petition, and directed that Candidate's name be removed from the ballot. *See id.* at 20-21. This appeal followed.

## II. Issues Presented

On appeal,[11] Candidate alleges that the trial court erred in granting the Petition setting aside his nominating petition and removing him from the ballot. *See generally* Candidate's Br. Specifically,[12] Candidate argues that the Pennsylvania

---

[11] "In reviewing an order adjudicating challenges to a nomination petition, our standard of review permits reversal only where the findings of fact are unsupported by substantial evidence, where there was an abuse of discretion, or where an error of law was committed." *In re Beyer*, 115 A.3d 835, 838 (Pa. 2015).

[12] Candidate's brief does not include a formal statement of issues presented. However, Candidate's separately-filed Statement of Issues Presented On Appeal raises the following questions:

> 1. Whether the trial [c]ourt erred in granting [Objector's] Petition to strike [Candidate] from the ballot based on his signing his petition under a statement that he is eligible to run for office, since that

6

Constitution only bars him from holding, not running for, elected office. *See id.* at 3. Additionally, Candidate argues that his 1991 convictions should no longer prevent him from holding elected office because he believes those convictions are eligible for expungement. *See id.* Candidate further argues that his 2012 convictions cannot be considered a bar to his candidacy because the convictions were not raised in 2019 in prior objections to his nomination petition filed in a different election, filed by the attorney currently representing Objector in the instant matter. *See id.* Finally, Candidate claims that the failure of the Lackawanna County Court of Common Pleas to remove his name from ballots in previous challenges to prior nomination petitions that he has filed has established a precedent that should allow him to remain on the ballot in the instant matter. *See id.*

### III. Discussion

Initially, it is well settled that the Election Code should "be liberally construed to protect a candidate's right to run for office and the voters' right to elect the candidate of their choice." *In re Vodvarka*, 140 A.3d 639, 641 (Pa. 2016) (citation omitted). Also well settled is the notion that the requirements of the

---

statement is contrary to applicable law, including the Pennsylvania Constitution.

2. Whether the trial court erred in not ruling that a previous precedent has been set, allowing [Candidate] to appear on a ballot in an election for public office.

3. Whether the trial court erred in ruling that [Objector's attorney] was not barred from raising the issue of [Candidate's] 2012 conviction[s].

4. Whether the trial court erred in granting the [Objector's] Petition.

Statement of Issues To Be Presented On Appeal filed April 9, 2021 at 2-3 (pagination supplied).

Election Code concerning nomination petitions "are not mere technicalities but are necessary measures to prevent fraud and to preserve the integrity of the election process." *Petition of Cianfrani*, 359 A.2d 383, 384 (Pa. 1976). Our Supreme Court has explained that

> [t]he requirements of sworn affidavits are to insure the legitimacy of information crucial to the election process. Thus, the policy of the liberal reading of the Election Code cannot be distorted to emasculate those requirements necessary to assure the probity of the process.

*Id.* Further, the Supreme Court has determined that an affidavit that includes sworn facts that were not true when the affidavit was executed renders the nomination petition materially defective and void, such that the nomination petition may be set aside. *Id.*; *see also Petition of Pippy*, 711 A.2d 1048, 1054 (Pa. Cmwlth.), *aff'd*, 709 A.2d 905 (Pa. 1998) ("Clearly, if a nomination petition includes a candidate's affidavit in which the candidate states that he is eligible for the office he seeks, and he does not, in fact, meet the requirements of [the Pennsylvania Constitution], such petition may be set aside by this [C]ourt."). However, because honest, unintentional mistakes can occur, "before an affidavit may be declared void and invalid because it contains false information, there must be evidence that the candidate knowingly falsified the affidavit with an intent to deceive the electorate." *In re Nomination Petition of Driscoll*, 847 A.2d 44, 51 (Pa. 2004).

Section 910 of the Election Code requires that a candidate file with his nomination papers an affidavit that includes, *inter alia*, an attestation that the candidate is eligible for the office he seeks. *See* 25 P.S. § 2870. Relatedly, Article II, Section 7, of the Pennsylvania Constitution provides as follows:

**§ 7. Ineligibility by criminal convictions**

8

No person hereafter convicted of embezzlement of public moneys, bribery, perjury or other infamous crime, shall be eligible to the General Assembly, or capable of holding any office of trust or profit in this Commonwealth.

Pa. Const. art. II, § 7. "[A] crime is infamous for purposes of Article II, Section 7, if its underlying facts establish a felony, a *crimen falsi* offense, or a like offense involving the charge of falsehood that affects the public administration of justice." *Com. ex rel. Baldwin v. Richard*, 751 A.2d 647, 653 (Pa. 2000). Thus, a candidate who has been convicted of either a felony or a *crimen falsi* crime is constitutionally ineligible to hold elected office in the Commonwealth, and an affidavit of a candidate who has been convicted of such crimes that indicates that that the candidate is eligible to hold the elected office sought is materially false and will be set aside. *See Pippy*, 711 A.2d at 1054.

In the instant matter, it is undisputed that the candidate affidavits that accompany Candidate's nomination petition contain an express attestation that he is eligible for the Office of Mayor of the City of Scranton. It is further undisputed that Candidate filed these affidavits despite the fact that this Court has already determined, nearly 20 years ago, that the 1991 convictions for felonies and *crimen falsi* crimes render Candidate ineligible to hold elected office in Pennsylvania. *See 2001 Bolus*, 785 A.2d at 178. Therefore, Candidate's affidavits were not true when executed and thus materially defective and properly stricken. *Cianfrani*; *Pippy*. Further, we agree with the trial court that, in light of this Court's decision in *2001 Bolus*, and the multiple determinations rendered by this Court and the Court of Common Pleas of Lackawanna County in reference to Candidate's multiple attempts to run for office in the nearly 20 years since, "it is inconceivable that [Candidate] made an honest mistake when he executed candidate's affidavits [] swearing 'that

9

he is eligible' for the Office of Mayor of the City of Scranton." Tr. Ct. Op. at 17-18 (some internal quotation marks omitted). Additionally, the fact that Candidate struck the word "eligible" from his candidate affidavit in 2009 and replaced it with a question mark further illustrates his awareness of his ineligibility to hold elected office in the Commonwealth. Accordingly, the trial court did not err by striking Candidate's name from the ballot of the May 2021 special election.

Candidate's argument herein that the Pennsylvania Constitution, while barring him from *holding* elected office in Pennsylvania, does not bar him from *running for* such office, is unavailing. *See* Candidate's Br. at 3. Although the language of Article 2, Section 7 of the Pennsylvania Constitution does not explicitly bar ineligible individuals from running for elected office, Section 910 of the Election Code requires the filing of a candidate affidavit that attests that the candidate "*is eligible* for such office[.]" 25 P.S. § 2870 (emphasis supplied). The Election Code further requires that a candidate file his candidate affidavit "*with his nomination petition*." *Id.* (emphasis supplied). The language of the Election Code, therefore, requires that the affidavit attest that the candidate is eligible to hold the office sought *at the time the candidate files the nomination petition. See id.* To read this language as allowing a candidate affidavit to instead attest only that the candidate *may be eligible* to hold the office on the day the candidate will be sworn in, if elected, is contrary to the express, plain meaning of the language of Section 910 requiring the affidavit state that the candidate "is eligible for such office" at the time the candidate *files* his nomination papers. 25 P.S. § 2810. As such, while it is true that Pennsylvania's Constitution precludes an ineligible individual only from "holding" an elected office, the plain language of the Election Code, through the express requirements contained in Section 910 that the candidate affidavit be filed

10

contemporaneously with a candidate's nomination papers, precludes an ineligible individual from running for elected office as well. *See id.*[13]

Further, the Court notes that allowing an ineligible candidate to remain on the ballot in the face of a timely objection and candidate affidavits that were knowingly untrue when filed with a nomination petition would perpetrate a fraud on the electorate that could serve to effectively disenfranchise unsuspecting voters by allowing them to unwittingly waste their votes on a candidate who would not be allowed to take office if elected. Such a result would fly in the face of the purpose of the Election Code "to protect, not defeat, a citizen's vote." *In re Nomination Petitions of Smith*, 182 A.3d 12, 23 (Pa. Cmwlth. 2018).

Here, at the time he filed his candidate affidavit with his nomination petition, Candidate was ineligible to hold the Office of Mayor of the City of Scranton by virtue of his 1991 and 2012 convictions. At the time he filed, he knew: (1) of the existence of the convictions; (2) that, as felonies and *crimen falsi* convictions, they rendered him constitutionally ineligible to hold elected office; and (3) that the convictions had not been expunged. Therefore, the attestation contained in Candidate's candidate affidavits that he is eligible to hold the office was materially untrue at the time he filed his nomination petition, and the trial court properly struck the candidate affidavits, granted the Petition, and removed Candidate from the ballot.[14]

---

[13] We acknowledge that the Court in *2009 Bolus* noted in *dictum* that an ineligible candidate may remain on the ballot, run for office, and then be removed from office via a *quo warranto* proceeding if elected. *See 2009 Bolus*, slip op. at 8-9. However, we read this *dictum* as applicable to a situation in which no timely petition was filed to set aside the ineligible candidate's nomination papers, as happened, for example, when Candidate sought office in 2009.

[14] To the extent that Candidate argues that the *2001 Bolus* decision stands for the proposition that he can run for, although not hold, office because this Court did not remove him

We also find unavailing Candidate's claim that he should be able to remain on the ballot and run for the Office of Mayor of the City of Scranton based on his belief that his 1991 convictions are eligible for expungement. *See* Candidate's Br. at 3. Regardless of his belief that the 1991 convictions may be eligible for expungement,[15] the fact remains that these convictions have not been expunged.[16] Candidate conceded as much at the hearing before the trial court. *See* Transcript of Proceedings, March 19, 2021 (Tr.) at 20-21, 32. The 1991 convictions remain of record and will continue to bar Candidate from holding elected office in the Commonwealth unless removed. Accordingly, Candidate's argument that the trial court erred in granting the Petition because his 1991 convictions may someday be expunged fails.

Additionally, even assuming that the 1991 convictions would be expunged by a court upon a future request, the 2012 convictions, which include

---

from the ballot following the *2001 Bolus* decision, we disagree. As discussed *supra*, *2001 Bolus* was a declaratory judgment action, not a petition to strike and set aside a nominating petition like the instant matter. This Court was limited to granting the relief sought – summary judgment denying Candidate's requested declaration that he could hold elected office, if elected – which this Court accordingly did. *See 2001 Bolus*.

[15] Candidate believes that his 1991 convictions are eligible for expungement based on his assertions that he is over 70 years old, the sentences were completed in excess of 10 years ago, and he was not charged with a crime in the 10 years subsequent to the completion of his sentences. *See* Candidate's Br. at 3. Pennsylvania law does allow for the expungement of criminal convictions over 10 years old for individuals over the age of 70 years old and who have not been charged with a crime in the preceding 10 years. *See* 18 Pa.C.S. § 9122(b)(1). Without commenting on the validity of Candidate's claims regarding the purported expungement eligibility of his 1991 convictions, particularly in light of his subsequent 2012 convictions, the Court notes that statutory expungement is not automatic and requires the filing of a petition requesting expungement that is subject to the discretion of a trial court. *See* 18 Pa.C.S. § 9122(b).

[16] The Court notes that in 2004, the Court of Common Pleas of Lackawanna County denied the only expungement request Candidate has made to date with reference to the 1991 convictions. *See* Trial Court Opinion at 9 n.5.

12

felony and *crimen falsi* convictions, separately and independently preclude Candidate from holding elected office in the Commonwealth. These convictions remain of record[17] and are ineligible for expungement by virtue of not yet being 10 years old. *See* 18 Pa.C.S. § 9122(b)(1). To the extent Candidate argues that the 2012 convictions do not bar him from holding office because Objector's counsel did not raise those convictions in a separate nomination petition objection proceeding in 2019, wherein counsel represented a different objector in a different election, *see* Candidate's Brief at 3, the Court notes simply that the bar to Candidate from holding office as a result of the 2012 convictions derives from the Pennsylvania Constitution, not from the actions or inaction of counsel in separate objection proceedings from previous elections. *See* Pa. Const. art. II, § 7. Accordingly, we reject Candidate's argument without further discussion.

Likewise, we disagree with Candidate's claim that the Court of Common Pleas of Lackawanna County's failure to *sua sponte* remove him from an election ballot in the 2009 Election Case[18] has established a precedent that candidates with infamous crime convictions may run for elected office in Lackawanna County. *See* Candidate's Br. at 3. The 2009 Election Case involved a petition filed by the District Attorney one day after the 7-day statutory deadline for objections to Candidate's nomination petition has passed. *See* Tr. Ct. Op. at 4-6. As a result of the District Attorney's failure to file its petition within the deadline, the trial court

---

[17] Again, Candidate conceded at the hearing before the trial court that these convictions have not been expunged. *See* Tr. at 32.

[18] The Court notes that Candidate incorrectly referred to the 2007 Election Case in this argument. *See* Candidate's Br. at 3. The Court notes that the 2009 Election Case, not the 2007 Case, involved an untimely objection to Candidate's nomination papers by the District Attorney's Office referenced by Candidate in this claim. *See* Candidate's Br. at 3; *see also* Trial Court Opinion at 4-6.

dismissed the petition as untimely and allowed Candidate's name to remain on the ballot. *See id.* at 6. This determination did not establish a precedent, as Candidate suggests, that candidates with records of infamous crimes may run for office in Lackawanna County. The case instead stands simply for the proposition established in *In Re: Nomination Papers of James*, 944 A.2d 69 (Pa. 2008), that the plain statutory language of Section 977 of the Election Code, 25 P.S. § 2937, creates mandatory and non-waivable deadlines within which objections to nomination petitions must be filed, and further, that courts must dismiss petitions/objections that fail to comply with those deadlines.

### IV. Conclusion

For these reasons, this Court affirms the order of the trial court.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  Nomination Petition of Bob     :
Bolus, a Candidate for Mayor of the   :
City of Scranton, Pennsylvania        :
                                      :   No. 340 C.D. 2021
Appeal of:  Bob Bolus, Sr.          :


O R D E R


AND NOW, this 14th day of April, 2021, the March 22, 2021 order of the Court of Common Pleas of Lackawanna County is AFFIRMED.


_____
CHRISTINE FIZZANO CANNON, Judge