IN THE COMMONWEALTH COURT OF PENNSYLVANIA

R.W., Jr.,                                    :
                        Petitioner            :
                                              :
          v.                                  :     No. 300 M.D. 2018
                                              :     Submitted: April 1, 2022
Commonwealth of Pennsylvania,                 :
Pennsylvania State Police, et al.,            :
                        Respondents           :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                            FILED: July 6, 2022


          In this original jurisdiction matter, R.W., Jr. (R.W.) *pro se* has filed a

motion for judgment on the pleadings regarding his petition for a writ of mandamus

against the Pennsylvania State Police (Police).  R.W. summarily asserts that he is

"fully entitled to the relief" sought in his petition, which we discuss below.  We deny

R.W.'s motion for judgment on the pleadings.

## I. Background

          We state the facts as gleaned from the pleadings.[1]  In 1998, R.W. was

convicted in New York of sexual abuse in the first degree of a person less than 11

years old.  *See* Pet. for Writ of Mandamus, 4/20/18, at 1 (citing N.Y. Penal Law §

130.65(3) (McKinney)); R.W.'s Resp. to Police's Reply to Writ of Mandamus,

_____

[1] "When ruling on a motion for judgment on the pleadings in our original jurisdiction, we
must view all of the opposing party's allegations as true, and only those facts that the opposing
party has specifically admitted may be considered against the opposing party.  We may consider
only the pleadings themselves and any documents properly attached thereto." *Bolus v. Fisher*, 785
A.2d 174, 176 n.4 (Pa. Cmwlth. 2001) (cleaned up).

7/12/18, ¶ 5 & Ex. 4 at 17 (reflecting New York sentencing transcript in which sentencing judge classified the conviction as a "class D violent felony"). R.W. claims that in 1998, the Pennsylvania equivalent offense was indecent assault of a person less than 13 years old. *See* Pet. for Writ of Mandamus at 1 (citing 18 Pa.C.S. § 3126(a)(7)).[2] In 2016, R.W. registered as a sex offender under Pennsylvania's Sexual Offender Registration and Notification Act (SORNA I).[3] *See id.*

In 2018, and while incarcerated in Pennsylvania, R.W. filed a petition for a writ of mandamus seeking declaratory and injunctive relief that he was not required to register as a sex offender under SORNA I. *Id.* at 2-3.[4] R.W. claimed that *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), barred retroactive application of SORNA I to his 1998 conviction because it was an unconstitutional *ex post facto* law. *See, e.g.*, *id.*, at 1, 3, 6-7. Police filed an answer and new matter.

---

[2] In Pennsylvania, the minimum grade for a Section 3126(a)(7) conviction is a misdemeanor of the first degree. 18 Pa.C.S. § 3126(b)(3).

[3] Act of December 20, 2011, P.L. 446, *as amended*, *formerly* 42 Pa.C.S. §§ 9799.10-9799.41. Simply, SORNA I provided a framework for the registration of sexual offenders. *See generally Commonwealth v. Torsilieri*, 232 A.3d 567, 572 (Pa. 2020). SORNA I replaced Megan's Law II, *formerly* 42 Pa.C.S. §§ 9791-9799.7 (expired), which in turn, had replaced Megan's Law I, *formerly* 42 Pa.C.S. §§ 9791-9799.6 (repealed). *See generally Torsilieri*, 232 A.3d at 575-77 (detailing history of Pennsylvania's sexual offender registration laws).

In February 2018, the Legislature enacted SORNA II. Act of February 21, 2018, P.L. 27 (Act 10), 42 Pa.C.S. §§ 9799.10-9799.75, *amended by* the Act of June 12, 2018, P.L. 140 (Act 29). "Act 10 split SORNA . . . into two subchapters. Revised Subchapter H applies to crimes committed on or after December 20, 2012, whereas Subchapter I applies to crimes committed after April 22, 1996, but before December 20, 2012." *Torsilieri*, 232 A.3d at 580. By way of explanation, April 22, 1996, was the effective date of Megan's Law I, and December 20, 2012, was the effective date of SORNA I. As noted herein, R.W.'s New York conviction was in 1998.

[4] It appears R.W. was incarcerated pending disposition of his charge for obstructing administration of law or other governmental function. *See* Docket, *Commonwealth v. R.W.* (C.C.P. Pike Cnty., No. CP-52-CR-0000172-2017, 2017); *see generally* Pa.R.E. 201 (discussing judicial notice). R.W.'s instant petition for a writ of mandamus did not acknowledge the Legislature's enactment of SORNA II a few months before R.W.'s filing.

Meanwhile, on an unknown date, R.W. was released from incarceration, left Pennsylvania, and eventually was incarcerated in Mississippi.[5]

## II. Arguments and Analysis

Eventually, R.W. filed a motion for judgment on the pleadings, concisely asserting that he is entitled to relief. Mot. for J. on the Pleadings, 6/21/21. In support of his motion, R.W. acknowledges for the first time that the Legislature enacted SORNA II, under which he would only have to register as a sex offender for 10 years under Subchapter I of SORNA II. R.W.'s Br. at 3. Despite acknowledging that SORNA II subjects him to a shortened registration period, R.W. also contends, however, that SORNA II does not apply to him because it is an unconstitutional *ex post facto* law. *Id.* at 3-5. Further, notwithstanding his acknowledgment of Subchapter I's 10-year registration requirement, R.W. also argues that Police should exclude him from any statutory requirement to register as a sex offender. *Id.* at 6.

Police counters that we should dismiss R.W.'s claims as moot because SORNA II replaced SORNA I. Police's Br. at 4. Regardless, Police reasons that SORNA II is constitutional and may be applied retroactively to R.W. *Id.* (citing *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020)). Police also argues that R.W. is requesting an advisory opinion because he is not required to register under SORNA II until he is released from prison and returns to the Commonwealth. *Id.* at 5-6. In any event, Police claims that because R.W.'s 1998 conviction required lifetime registration in New York, R.W. would also be subject to lifetime registration

---

[5] Although not in the record, Mississippi Department of Corrections records indicate that R.W. was convicted of burglary, was sentenced to 13 years in prison, and will be released in 2034. *See generally* Pa.R.E. 201. We add that R.W. has contradictorily averred that he is and is not a Pennsylvania resident. *Cf.* R.W.'s Resp. to Police's Reply to Writ of Mandamus ¶ 60 (stating he has never resided in Pennsylvania), *with* R.W.'s Mot. for Appointment of Counsel, 8/13/21, ¶ 9 (averring he is a permanent resident of Pennsylvania and will return to Pennsylvania upon his release), *and* Resp. to Order to Show Cause, 5/20/21, ¶ 11 (same).

in Pennsylvania. *Id.* at 2-3 (citing 42 Pa.C.S. § 9799.55(a)). Police adds that R.W.'s petition should be dismissed because mandamus relief is improper. *Id.* at 8.

First, we address whether R.W. has properly pled an action sounding in mandamus. Second, we examine whether R.W.'s claims are moot or unripe. Third, we consider whether R.W. is entitled to relief.

### A. Nature of R.W.'s Petition

In *Taylor v. Pennsylvania State Police*, 132 A.3d 590 (Pa. Cmwlth. 2016), the petitioner filed a petition for a writ of mandamus requesting a declaration that (1) SORNA I's lifetime registration requirement was unconstitutional, (2) he was exempt from registration, and (3) SORNA I was an improper *ex post facto* law. *Taylor*, 132 A.3d at 598. The *Taylor* Court held that the petitioner's mandamus petition did not request Police to perform a mandatory duty, which is a necessary element of mandamus relief. *Id.* The Court explained that Police did not have a duty to change the petitioner's registration requirements. *Id.* The *Taylor* Court, however, reasoned that because the petition requested declaratory relief, the Court would disregard petitioner's mislabeling of the petition. *Id.* at 600.

Here, like the petition in *Taylor*, R.W.'s petition, although labeled as a petition for a writ of mandamus, similarly seeks declaratory relief that R.W. does not have to register under SORNA I. *See id.* at 598. Like the *Taylor* petition, the instant petition also asserts that SORNA I is an improper *ex post facto* law. *See id.* As in *Taylor*, Police do not have a mandatory ministerial duty to change R.W.'s registration requirements. *See id.* Identical to the *Taylor* Court, however, we also construe R.W.'s pleading as a petition for review seeking declaratory and injunctive relief despite R.W.'s mislabeling of the petition as a petition for a writ of mandamus. *See id.* at 600.

4

## B. Mootness and Ripeness

Next, we address Police's justiciability arguments, specifically that R.W.'s SORNA I claims should be dismissed as moot and his SORNA II claims are not ripe. *See Commonwealth v. Lee*, 935 A.2d 865, 874 (Pa. 2007) (noting courts must address justiciability before the merits). "Ripeness and mootness . . . [e]ach assumes that an asserted injury would be adequate[ to establish standing]; ripeness then asks whether an injury that has not yet happened is sufficiently likely to happen, and mootness asks whether an injury that has happened is too far beyond a useful remedy." *Town of McCandless v. McCandless Police Officers' Ass'n*, 901 A.2d 991, 1002 (Pa. 2006) (*McCandless*) (citation omitted).

The *McCandless* Court explained that "mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way—changes in the facts or in the law—which allegedly deprive the litigant of the necessary stake in the outcome." *Id.* at 1002 (citations omitted). Courts will generally not decide a moot issue because "an actual case or controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Pub. Def.'s Off. of Venango Cnty. v. Venango Cnty. Ct. of Common Pleas*, 893 A.2d 1275, 1279 (Pa. 2006) (*Venango*).

This Court's decision in *Lusik v. Pennsylvania State Police* (Pa. Cmwlth., 405 M.D. 2017, filed Nov. 26, 2018) (unreported), 2018 WL 6165343, is instructive. In that case, the petitioner *pro se* filed a petition for declaratory relief, which argued that he had no obligation to register under SORNA I. *Lusik*, slip op. at 1-2, 2018 WL 6165343, at *1.[6] Subsequently, SORNA II was enacted, and the petitioner "referred to" SORNA II in his later pleadings but did not file an amended

---

[6] We may cite to an unreported decision of this Court issued after January 15, 2008, for its persuasive authority. 210 Pa. Code § 69.414(a).

petition based on SORNA II. *Id.* The respondent argued that the petition was moot because SORNA II replaced SORNA I. *Id.* The *Lusik* Court rejected the respondent's argument, reasoning that it would liberally construe the petitioner's *pro se* pleadings as an implicit request to amend his petition to invoke SORNA II, thus negating the respondent's mootness argument. *Id.* at 11, 2018 WL 6165343, at *5.

Here, similar to the petitioner in *Lusik*, R.W. filed a petition based on SORNA I, referenced SORNA II in a subsequent brief, and failed to file an amended petition reflecting SORNA II. *See id.* at 1-2, 2018 WL 6165343, at *1; *accord* Pet. for Writ of Mandamus at 1. Similar to the *Lusik* Court, we liberally construe R.W.'s *pro se* brief as an implicit request to amend his petition to invoke SORNA II, which negates Police's mootness argument. *See Lusik* at 11, 2018 WL 6165343, at *5. Having resolved Police's mootness claim, we turn to Police's ripeness claim.

In *Lee*, the defendants challenged the constitutionality of the process for designating a person as a sexually violent predator (SVP) under Megan's Law II. *Lee*, 935 A.2d at 875. The Commonwealth argued that the defendants' claim was not ripe until they were actually designated a SVP and released from prison, which would trigger the registration requirements. *Id.* The defendants countered that because they were challenging the SVP process itself, their challenge ripened as soon as they were convicted of the underlying offenses that would trigger the SVP designation process. *Id.* Our Supreme Court rejected the Commonwealth's argument and agreed with the defendants' reasoning that the issue was ripe for review. *Id.*

In *Bill v. Noonan* (Pa. Cmwlth., 437 M.D. 2017, filed May 16, 2019) (unreported), 2019 WL 2400676, this Court addressed a similar ripeness issue. In *Bill*, the petitioner challenged the constitutionality of his registration. *Bill*, slip op.

6

at 3, 2019 WL 2400676, at *2. The respondent argued that the petitioner's claim was not ripe because the petitioner would not have to register until he was released from prison. *Id.* at 4, 2019 WL 2400676, at *2. The *Bill* Court rejected the respondent's ripeness argument, noting that we have "repeatedly addressed and rejected this argument in other cases." *Id.* at 6, 2019 WL 2400676, at *3 (citations omitted). We explained that the "potential harm of enforcing the [registration] requirements is not remote just because the petitioner's release is not imminent," and that waiting until the petitioner was released and requirements were imposed adds "little to [this Court's] review." *Id.* at 7, 2019 WL 2400676, at *3 (citations omitted).

Here, identical to the respondents in *Lee* and *Bill*, Police has argued that R.W.'s issue is not ripe until R.W. is released from prison and actually registers in Pennsylvania under SORNA II. *See Lee*, 935 A.2d at 875; *Bill*, slip op. at 6, 2019 WL 2400676, at *3. Like the *Lee* and *Bill* Courts, we similarly reject Police's argument and hold that R.W.'s claim is ripe for review despite the fact that R.W. is still in prison in Mississippi and has not returned to Pennsylvania to register under SORNA II. *See Lee*, 935 A.2d at 875; *Bill*, slip op. at 7, 2019 WL 2400676 at *3. Because we have concluded that R.W.'s issues are not moot and are ripe for review, we address the merits.

### C. Merits

To briefly recap, R.W., who was convicted in 1998 in New York of sexual abuse in the first degree of a person less than 11 years old, argues that because SORNA II is an unconstitutional *ex post facto* law, he is relieved of any obligation to register as a sex offender in Pennsylvania. R.W.'s Br. at 3-6. R.W.'s SORNA II claim lacks merit because in *Lacombe*, our Supreme Court held that Subchapter I passes constitutional muster because it is nonpunitive and does not violate the

7

constitutional prohibition against *ex post facto* laws. *See Lacombe*, 234 A.3d at 605-06.[7, 8]

## III. Conclusion

For these reasons, we deny R.W.'s motion for judgment on the pleadings.[9]

_____
LORI A. DUMAS, Judge

---

[7] To the degree that R.W. has argued Megan's Law I is unconstitutional, because SORNA II replaced Megan's Law I, we note that R.W. is not subject to Megan's Law I. *Cf. Adams v. Pa. State Police*, 257 A.3d 227, 229-30 (Pa. Cmwlth. 2021) (concluding that although the petitioner was subject to the Megan's Law I 10-year registration requirement at the time of his conviction, the petitioner became subject to lifetime registration as a result of Megan's Law II).

[8] To the extent R.W. argues that he was subject to a 10-year registration period under SORNA II, he is mistaken. Under Subchapter I of SORNA II, a person is subject to a 10-year registration period when (1) he is convicted in Pennsylvania of indecent assault of a person less than 13 years old that was committed between April 22, 1996, and December 20, 2012, and (2) the offense is graded as a misdemeanor of the first degree or higher. *See* 42 Pa.C.S. §§ 9799.52, 9799.55(a). Subchapter I also provides that a person convicted in another state of a similar offense is also subject to a 10-year registration period in Pennsylvania. *Id.* § 9799.55(a)(3).

However, under Section 9799.56(b)(4)(iii), if that other state provides for a registration period longer than 10 years, Pennsylvania is required to apply the longer registration period. *See id.* § 9799.56(b)(4)(iii). In other words, if New York requires lifetime registration for the New York conviction, then Pennsylvania must also impose lifetime registration notwithstanding Section 9799.55(a)(3)'s provision for a 10-year registration period. *See id.*

Because R.W. was subject to lifetime registration in New York for the New York conviction, he is also subject to lifetime registration in Pennsylvania under SORNA II. *See id.* As a lifetime registrant, R.W. may petition the sentencing court to be exempt from the registry if he fulfills certain conditions. *See generally id.* § 9799.59.

[9] In light of our disposition, we also deny R.W.'s "Petition, Rule to Show Cause Why Writ of Mandamus Should Not Be Issued in Favor of Petitioner," filed on June 21, 2021.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

R.W., Jr.,                                    :
                          Petitioner          :
                                              :
            v.                                :     No. 300 M.D. 2018
                                              :
Commonwealth of Pennsylvania,                 :
Pennsylvania State Police, et al.,            :
                          Respondents         :

# **O R D E R**

AND NOW, this 6th day of July, 2022, R.W., Jr.'s motion for judgment on the pleadings is denied.

_____
LORI A. DUMAS, Judge